*511 OPINION.
GoodRioh :
The question for our determination is largely one of
fact — whether the trust actually sold its stocks to Mrs. Kunau, and, if so, whether the sale was made without any understanding or agreement concerning repurchase or other incident such as would prevent it from being a fully consummated and bona fide transaction between the parties. Respondent points out that we must also determine another question of fact, namely, whether the trust was engaged in buying and selling securities as a trade or business, for, unless it was, the loss claimed is not deductible under section 23 (e) (2) of the Revenue Act of 1928, because of the provisions of section 118 of the same act, prohibiting the deduction of losses sustained upon sales of securities in cases where the same or similar property is acquired by the seller within thirty days of such sale. If the trust was so engaged the loss is deductible as one incurred in its trade or business, notwithstanding the fact that the same amount of identical securities was repurchased a few days after the sale. *512 (I. T. 2523, IX-1 C. B. 145.) From the evidence we have determined and found as a fact that the trust at the time here material was engaged in business as a trader in securities. (See Harriet Pullman Schermerhorn, 26 B. T. A. 1031, and cases there cited.) Consequently, we revert to our inquiry concerning the bona lides of the sale.
We fully recognize the necessity for close scrutiny of transactions between persons related by blood, marriage, or community of interest in order to be sure that their dealings are in fact what they, on face, purport to be as to their validity, effect and finality. Such scrutiny here shows us nothing to indicate that the sale by the trust to Mrs. Kunau was other than an arm’s-length, valid, transaction, bona fide in all respects. The trustees were trading for profit; their purchases were selected with a view to immediate market activity; their sales were made to realize a profit; they were trading as rapidly as possible for those ends. The fact that they believed the Simmons stock offered a better possibility for a quick, profitable turnover was a sufficient and compelling reason for their disposal of the Niles and United stocks, and the probabilities of adversely affecting the market by offering such large blocks of these latter stocks was sufficient reason for seeking a private purchaser. We are convinced that Mrs. Kunau’s trading activities were carried on upon her own initiative, free from the domination of her husband, and that her purchase of these securities was upon her own volition and unaccompanied by any agreement or understanding concerning the reacquisition of the stocks by the trust. Her decision to sell back the stocks to the trust we think was likewise the result of her independent judgment. The transactions were carried out not privately, but through ordinary business channels, and, in view of the testimony before us concerning the prevalence of the practice, particularly during the year 1929, of private trading in listed securities at prices varying widely from market quotations, we can not but be convinced that the consideration for which these securities were sold was fair and adequate.
Respondent, relying mainly upon Harold B. Clark, 2 B. T. A. 555, urges that Mrs. Kunau should be regarded as an accommodation purchaser, rather than a bona fide purchaser. In the cited case it was admitted that securities were sold solely to establish a loss thereon to be taken as a deduction from income and, in the circumstances of that case, there were ample grounds for the inference that the purchaser bought with the expectation of later being called upon to resell the stock and that there was lacking the mutual intention of completing a bona fide sale. Here, we have no such circumstances; indeed, the evidence is to the contrary and convinces us that Mrs. Kunau bought not as an accommodation purchaser with the expecta *513 tion of later reselling the stocks to the trust, but for her own account and purposes, and that both she and the trustees intended that the transaction should be a valid and bona fide sale. Cf. Harold F. Seymour, 27 B. T. A. 403.
We hold, therefore, that respondent erred in refusing to deduct from petitioner’s income for the year 1929 the loss sustained upon the sale of 10,000 shares of stock of the Niles-Bement-Pond Company and a like amount of stock of United Aircraft and Transport Corporation.

Judgment will be entered wnder Rule 50.